UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| LISA L. VIGIL, | ) | No. ED CV 04-01434-VBK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| v. | ) | |
| | ) | (Social Security Case) |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner ("AR"). The parties have filed their pleadings and supporting memoranda, and the Commissioner has filed the certified AR. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

Plaintiff asserts error in her contention that the ALJ failed to

properly consider the opinion of the State Agency physician. (Motion at 3-7.)  In order to address this contention, a review of the evidence, and of the ALJ's decision, is in order.

At issue in this case are Plaintiff's mental impairments, and it is undisputed that there is no treating physician. Plaintiff received a comprehensive psychiatric evaluation ("CE") from Dr. Woodard, on September 19, 2002. (AR 127-130.)  Dr. Woodard concluded that Plaintiff has a slight to moderate impairment with regard to public interaction at work, and normal stresses in the workplace; slight impairment concerning interaction with supervisors and coworkers; slight impairment regarding concentration and attention; a slight impairment for performing detailed or complex tasks; and no impairment for performance of simple, repetitive tasks. (AR 129.)

The testifying medical expert ("ME"), who both examined the records and listened to the testimony of Plaintiff and another witness at the hearing, indicated that he tended to agree with the diagnosis and report of the CE. (AR 169.)  Thus, he found that Plaintiff has a depressive disorder NOS, mixed personality disorder with a schizoid and passive/aggressive features. (Id.)  The ME testified that Plaintiff would have moderate impairment with regard to her activities of daily living ("ADLs") and social functioning; mild restrictions with regard to simple, repetitive tasks and non-public work situations; and mild restrictions with regard to interactions with peers and supervisors. (AR 170-171.)

The State Agency physician checked off on a form that Plaintiff would have moderate limitations in interaction with the public and normal stresses in the workplace; no significant limitations in the ability to understand and remember short and simple instructions;

moderate limitations in the ability to carry out detailed instructions and to maintain attention and concentration for extended periods, and to perform activities within a schedule and maintain regular attendance; no significant limitations with regard to her ability to sustain an ordinary routine without special supervision, to work in coordination with others, to make simple work-related decisions, and to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. Also, she would have moderate limitations in her ability to interact appropriately with the general public, but no significant limitations in her ability to ask simple questions or request assistance, to accept instructions and respond appropriately to criticism from supervisors, to get along with coworkers or peers, and to maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness. Finally, she would have some limitation in her ability to respond appropriately to changes in the work setting (between not significantly limited and moderately limited), and no significant limitations with regard to her ability to be aware of normal hazards and take appropriate precautions, and to travel in unfamiliar places or use public transportation. (AR 131-132.)

In rendering his decision the ALJ considered all of this evidence. (AR 21-22.) The ALJ adopted the ME's mental assessment, and determined a residual functional capacity ("RFC") consistent with that of the ME. In doing so, the ALJ indicated that he "gives controlling weight to the opinion of... the medical expert, as he is the only physician to have the opportunity to review the entire medical record and listen to the [Plaintiff's] testimony. [The ME's] opinion does not

differ significantly from that of Dr. Woodard [the physician who performed the CE], the only physician of record to have performed a psychiatric evaluation." (AR 21-22.)

The ME's opinion constitutes substantial evidence when it is consistent with objective findings in the record. See Thomas v. Barnhart, 278 F.3d 948, 957 (9th Cir. 2002). Moreover, in the hierarchy of medical opinions, an examining physician's opinion will generally be accorded greater weight than that of a non-examining physician. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In this case, Plaintiff does not dispute any facet of the report rendered by Dr. Woodard, the CE. Instead, Plaintiff asserts that the ALJ failed to account for certain portions of the check-off form completed by the State Agency physician. (Motion at 6-7.) The Court disagrees. It is the ALJ's responsibility to evaluate and reconcile conflicting evidence, and, this responsibility extends to reconciling what might be viewed as conflicts contained within the report of one medical source. In this case, for example, the State Agency physician found no significant limitation with regard to Plaintiff's ability to adapt to work situations. Similarly, there were no limitations with regard to her ability to function in a work situation which did not entail dealing with the public; performing simple and repetitive tasks; complying with short and simple instructions; and adapting and relating to supervisors and coworkers. These findings are substantially consistent with the RFC as found by the ALJ. The State Agency physician's finding of moderate limitation with regard to Plaintiff's ability to deal with the public is reflected in the RFC. The finding of a moderate limitation with regard to Plaintiff's ability to comply with detailed instructions is, again, reflected in

1  the RFC, which excludes work involving such requirements.  Thus,
2  Plaintiff's argument comes down to one check-off box which indicates,
3  in the State Agency physician's opinion, a moderate limitation
4  regarding Plaintiff's ability to maintain attention for extended
5  periods and perform activities within a schedule, and to maintain
6  attendance and be punctual. (<u>See</u> Motion at 6.)  Reasonably viewed,
7  this conclusion would appear to be inconsistent with the State Agency
8  physician's opinion that Plaintiff has no significant limitations in
9  her ability to adapt to work situations.  In any event, the ALJ is not
10 required to accept each and every element of a diagnosis or opinion.
11 <u>See</u> <u>Howard v. Barnhart</u>, 341 F.3d 1006, 1012 (9th Cir. 2003).  If that
12 were the case, it would be literally impossible for an ALJ to
13 reconcile conflicting evidence.  Similarly, the ALJ need not discuss
14 each and every element of evidence in a medical opinion.  The Court's
15 review is limited to a determination of whether the decision is based
16 on substantial evidence.  <u>See</u> <u>Sandgathe v. Chater</u>, 108 F.3d 978 (9th
17 Cir. 1997).

     In conclusion, the Court finds no substantial inconsistency between the ALJ's assessment of the case, and that of the State Agency

//
//
//
//
//
//
//
//
//

1 | physicians.  The ALJ's finding of non-disability is supported by
2 | substantial evidence.
3 |     For the foregoing reasons, the Court affirms the decision of the
4 | Commissioner.
5 | **IT IS SO ORDERED.**
6 |
7 | DATED:  August 22, 2005
8 |
9 |                                                      /s/
                                        VICTOR B. KENTON
10 |                                         UNITED STATES MAGISTRATE JUDGE